IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-154-BO

| | | |
|---|---|---|
| BENJAMIN KINSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SALT BAR, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default judgment as against defendants Sean Carey and Salt Bar, LLC. [DE 47]. Plaintiff's motion [DE 47] is GRANTED. Plaintiff's motion for rule to show cause [DE 45] is DENIED.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action in the District of South Carolina on July 2, 2018. [DE 1]. The suit arises from an altercation at Salt Bar in Emerald Isle, NC, in which plaintiff was badly beaten and suffered severe bodily injury, including broken teeth, partial loss of vision in one eye, a broken foot, a concussion, a crushed nasal cavity, and lower back LS disc hernia. Plaintiff was hospitalized and had to undergo major facial surgery. The case was subsequently transferred to this district in August 2018. [DE 15, 16]. The two defendants who were properly served—Salt Bar, LLC and its owner Sean Carey—failed to appear and default was entered on February 4, 2019. [DE 37]. Plaintiff was ordered to show cause as to why his claims against defendants who were not properly served should not be dismissed, and to take appropriate steps to reduce his claims against Carey and Salt Bar to judgment. [DE 44]. Plaintiff responded accordingly and stated he does not object to dismissal of the claims against the other

defendants. Plaintiff has also requested that the Court hold defendant Sean Carey in contempt of court for failing to comply with a court issued subpoena. [DE 45].

## DISCUSSION

Defendants Sean Carey and Salt Bar, LLC failed to appear in this action after service of the complaint and summons were made by the U.S. Marshals Service. Default was entered on February 4, 2019, and plaintiff now seeks entry of default judgment by the Court pursuant to Federal Rule of Civil Procedure 55(b).

Plaintiff has established that Sean Carey is not a minor, is not in military service, and is a competent person against whom default judgment can be held. [DE 49-1]. Accordingly, the well-pleaded factual allegations in plaintiff's amended complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must now "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in this action." *Id.*

The following allegations are taken from plaintiff's complaint. Plaintiff lawfully entered Salt Bar—a bar/nightclub in Emerald Isle, NC privately owned by defendant Sean Carey—on January 1, 2018. A patron shoved him from behind. In response, plaintiff told the patron to leave him alone. Then, in response to his comment, the Salt Bar bartender grabbed plaintiff by the neck and threw him over the bar on to another bar or a table. Plaintiff was then dragged by Salt Bar employees outside through the back door, where he was secluded from help and from witnesses. He was shoved into a metal box where he laid unconscious until a witness finally intervened. The witness called the police, and after a verbal altercation with defendant Sean Carey, the witness carried plaintiff out to the parking lot of the shopping center in which Salt Bar is located. Sean Carey and other Salt Bar employees followed plaintiff and witness out into the parking lot,

threatening them and harassing them for calling the police. Defendant Sean Carey harassed plaintiff and yelled expletives. During this time, Salt Bar employees were under the influence of alcohol and/or drugs, and were involved in several fights with patrons earlier that night before plaintiff arrived. Additionally, Salt Bar employees have hospitalized patrons through acts of violence on several prior occasions. Plaintiff was transported to the trauma center at Vidant Hospital in Greenville, NC where he was treated for serious injuries. These allegations are admitted.

*Negligence*

The well-pleaded allegations in plaintiff's complaint support the relief he seeks, namely, punitive and compensatory damages for injuries suffered as a result of Sean Carey's negligence. Sean Carey is the proprietor of Salt Bar, LLC. "[A] proprietor of a public business establishment has a duty to exercise reasonable or ordinary care to protect his patrons from intentional injuries by third persons, if he has reason to know that such acts are likely to occur." *Miller v. B.H.B. Enterprises, Inc.*, 568 S.E.2d 219, 225 (N.C. App. 2002). "[W]hether a proprietor has a duty to safeguard his invitees from injuries caused by the criminal acts of third persons is a question of foreseeability." *Id.* at 225–26.

Here, plaintiff was the victim of a brutal assault by Salt Bar employees. Plaintiff's complaint states that Salt Bar employees had on previous occasions hospitalized patrons through acts of violence. There were allegedly several altercations with patrons earlier that very night. Given this, and the fact that Salt Bar employees had been drinking, it was foreseeable for Sean Carey that additional acts of violence could be committed against patrons. And not only did Carey fail to exercise ordinary care to protect his patrons from intentional injuries by the employees, but once plaintiff was attacked, Carey failed to intervene, aid, or help plaintiff. Instead, Carey

3

compounded plaintiff's physical injuries by harassing him and a witness for contacting the police. As alleged Carey clearly failed to exercise reasonable care to protect his patrons from violence committed by his own employees. He knew or should have known of these prior acts, and foreseen that they could happen again, especially considering of the employees' use of alcohol and drugs that night.

Additionally, these prior fights and acts of violence by Salt Bar employees, both that night and on previous nights, support a finding of Carey's negligent hiring and supervision of his employees. *See Doe v. Diocese of Raleigh*, 776 S.E.2d 29, 36 (N.C. App. 2015). Carey had notice of the specific past acts of violence and should have exercised reasonable care in supervising his employees to prevent further acts.

*Punitive Damages*

The allegations also support plaintiff's request for punitive damages. Punitive damages may be awarded when claimant proves defendant is liable for compensatory damages and that defendant acted with malice or willful or wanton conduct. N.C. Gen. Stat. § 1D-15. "Punitive damages may be awarded against a person only if that person participated in the conduct constituting the aggravating factor . . . or if, in the case of a corporation . . . managers of the corporation participated in or condoned the conduct." *Id.* Willful or wanton conduct means "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen. Stat. § 1D–5(7).

Here, Salt Bar employees had previously committed acts of violence against patrons, and fights had already broken out that night. Considering this, and the presence of alcohol and/or drugs, Carey's failure to remove potentially violent employees reflects an indifference to the safety of his

4

patrons and the potential for bodily injury. This indifference is further reflected in his harassing plaintiff and the witness after the fact, instead of trying to help them.

As plaintiff has established that defendants are liable for his injuries, plaintiff is entitled to recovery of pecuniary damages for medical bills, general damages for pain and suffering for his injuries, and punitive damages. *See Iadanza v. Harper*, 611 S.E.2d 217, 221 (N.C. App. 2005) (explaining the different types of damages). The Court finds defendants are liable for $138,000 in damages for plaintiff's medical bills. The Court finds $2,431,000 is appropriate for plaintiff's pain and suffering and loss of enjoyment due to permanent injuries suffered from his attack. Finally, the Court awards an additional $2,431,000 in punitive damages for disregard of the risk of injury to his patrons, and his participation in harassing plaintiff after the attack. Defendants are joint and severally liable.

## CONCLUSION

The motion for entry of default judgment and damages against defendants Salt Bar, LLC and Sean Carey [DE 47] is GRANTED. Default judgment against defendants Salt Bar, LLC and Sean Carey is hereby entered in the amount of $2,569,000 as actual damages and $2,431,000 as punitive damages. Defendants are joint and severally liable. Plaintiff's motion [DE 45] is DENIED. Plaintiff's claims against the other defendants, who were not served, are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this 22 day of October, 2019.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5