IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-154-BO

| | |
|---|---|
| BENJAMIN KINSER,<br>Plaintiff,<br><br>v.<br><br>SALT BAR, LLC, *et al.*,<br>Defendants. | )<br>)<br>)<br>)   ORDER<br>)<br>)<br>) |

This matter is before the Court on a motion by defendant Sean Carey to set aside entry of default, order, and judgment. A hearing on the motion was held before the undersigned on July 29, 2021, at Raleigh, North Carolina. For the reasons that follow, defendant Carey's motion is granted.

BACKGROUND

Defendant Salt Bar, LLC, operated a bar in Emerald Isle, North Carolina known as Salt Ultra Lounge. Defendant Sean Carey was the sole owner of Salt Bar, LLC. Plaintiff filed a complaint on July 2, 2018, in the District of South Carolina alleging claims against defendants Salt Bar, Sean Carey, and others arising out of personal injuries he sustained during an altercation at Salt Ultra Lounge. The complaint was transferred to this Court on August 2, 2018.

Plaintiff, who was proceeding *pro se* and *in forma pauperis*, completed summons to be issued by the clerk. Summonses were issued to Sean Carey at 215 Moranda Bay Drive in Newport, North Carolina and to Salt Bar, LLC (Registered Agent Sean Carey) at the same address. [DE 24]. On October 11, 2018, the summonses addressed to Sean Carey and Salt Bar were returned as executed; James Carey signed the return receipt for both defendants. [DE 25, 26]. Neither Carey nor Salt Bar appeared and default was entered against them on February 4,

2019. [DE 37]. On October 22, 2019, the Court entered default judgment against Carey and Salt Bar in the amount of $2,569,000 in actual damages and $2,431,000 in punitive damages. Carey and Salt Bar were held jointly and severally liable. [DE 52].

On April 22, 2021, defendant Carey appeared, through counsel, and moved to set aside the default and default judgment entered against him. Carey served his motion on plaintiff at the address listed on plaintiff's filings and the Court's docket. Plaintiff failed to respond to the motion. The Court noticed a hearing on the motion on July 15, 2021, and the mailing of the Court's notice was returned as undeliverable on July 26, 2021. [DE 59]. Plaintiff did not appear at the hearing held July 29, 2021.

## DISCUSSION

Defendant Carey seeks to set aside the entry of default and default judgment entered against him because he was never properly served in this action, depriving the Court of personal jurisdiction over him. Entry of default or default judgment may be set aside for good cause and by motion under Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). "Where service of process is insufficient, the entry of default is void and must be set aside." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008). Rule 60(b)(4) allows a court to relieve a party from a final judgment where the judgment is void. "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). A motion under Rule 60(b)(4) may be brought at any time. *See Jackson v. United States*, 245 F. App'x 258, 260 (4th Cir. 2007).

Defendant Carey has demonstrated that the entry of default and default judgment against him are void as the Court lacked personal jurisdiction over him. The summons issued to

2

defendant Carey was not addressed to his dwelling or usual place of abode, as is required under Fed. R. Civ. P. 4(e) and N.C. R. Civ. P. 4(j)(1), despite the fact that Carey owned his own home and his address was easily discoverable through Carteret County records that are publicly available. Aff. S. Carey ¶¶ 9, 16. At the time service was effected Carey did not reside with his brother, Carey had not designated his brother to accept service on his behalf, and his brother did not inform him of the service of the summons and complaint. *Id.* ¶¶ 11, 12, 16. Carey's brother has affirmed that defendant Carey did not reside with him at the time service was effected and that he did not notify defendant Carey of the summons and complaint he received. J. Carey Aff. ¶¶ 5, 11, 12.

Unless waived, proper service is required for the Court to obtain personal jurisdiction over a defendant. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Lynch v. Lynch*, 302 N.C. 189, 196 (1981). It appearing that service has not been properly effected against defendant Carey, the default and default judgment entered against him must be set aside.

A plaintiff must effect service of the summons and complaint within ninety days of the filing of the complaint. Fed. R. Civ. P. 4(m). Failure to do so, or to demonstrate good cause for failing to do so, will result in dismissal of the complaint without prejudice. *Id*. A court may order dismissal of the action on a motion or on its own after notice to the plaintiff. *Id*. Accordingly, plaintiff shall respond to this order not later than August 20, 2021, and show cause why this action should not be dismissed against defendant Sean Carey for failure to effect proper service within the time provided by Rule 4.

As discussed above, recent mail delivered to plaintiff at his address of record has been returned as undeliverable. On plaintiff's application to proceed *in forma pauperis*, plaintiff lists

his employer as the Kinser Law Firm, LLC where he is self-employed. [DE 4]. The South Carolina Bar lists an address for Benjamin Allen Kinser at 21 Rivers Point Row Apt. 4E, Charleston, South Carolina 29412. The clerk is directed to serve a copy of this order on plaintiff at both his address of record in this action and the address listed above.

## CONCLUSION

For the foregoing reasons, defendant Sean Carey's motion to set aside entry of default, order, and judgment [DE 52] is GRANTED. The entry of clerk's default [DE 37], order on default judgment [DE 51], and default judgment [DE 52] as against defendant Sean Carey only are SET ASIDE. Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed as against defendant Sean Carey without prejudice for failing to effect proper service within ninety-days of the filing of the complaint. Plaintiff's response must be filed not later than August 20, 2021. Failure to comply with this order within the time provided will result in dismissal of this action against defendant Carey without prejudice. The clerk is DIRECTED to serve plaintiff at both his address of record and the Charleston, South Carolina address listed above.

SO ORDERED, this 4 day of August, 2021.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE